**U.S. Department of Justice**

United States Attorney's Office
District of New Jersey
*Civil Division*

ROBERT FRAZER
UNITED STATES ATTORNEY

*Jessica M. Laserna*
*Assistant United States Attorney*

*970 Broad Street, Suite 700*
*Newark, NJ 07102*
*jessica.laserna@usdoj.gov*

*main: (973) 645-2700*
*direct:(973) 297-2019*

October 21, 2026

**Via ECF**
Hon. Claire C. Cecchi, U.S.D.J.
U.S. District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

**Re: *Duchi Chimbo v. Soto, et al.*, No. 26-cv-13543 (CCC)**
**Expedited Response to ECF No. 2**

Dear Judge Cecchi:

This Office represents Respondents in the above-referenced habeas matter filed by a noncitizen challenging the legality of his detention by U.S. Immigration and Customs Enforcement ("ICE") pursuant to 8 U.S.C. § 1226(a). We respectfully write pursuant to the Court's October 17, 2026, Order, ECF No. 2, directing Respondents to file a two-page letter regarding Petitioner's criminal history and detention authority. Petitioner is lawfully detained under 8 U.S.C. § 1226(a) and was provided the opportunity for a bond hearing. Petitioner's counsel requested an adjournment to October 29, 2026. Therefore, Respondents respectfully request leave to provide the Court an update as to the bond hearing results on October 30, 2026.

According to ICE records, Petitioner is a native and citizen of Ecuador who entered the United States on an unknown date and at an unknown location without inspection or admission by an immigration official. *See* Ex. A at 2 (Form I-213). On October 6, 2026, ICE arrested Petitioner and served him with a warrant of arrest and a Notice to appear in removal proceedings. *See* Ex. A at 2; *see also* Ex. B (Form I-200); Ex. C (Notice to Appear); Ex. D (Form I-286). Petitioner is not subject to a final order and his removal proceedings are pending. Petitioner was initially scheduled for a bond hearing on October 20, 2026, but requested a continuance. *See* Ex. E (Oct. 19, 2026 Notice of Hearing). The bond hearing has been rescheduled for October 29, 2026. *See* Ex. F (Oct. 20, 2026 Notice of Hearing).

Petitioner has a criminal history, including an arrest on April 6, 2026, for, among other charges, operating under the influence of liquor or drugs and simple

assault – purposely/knowingly causing bodily injury in violation of N.J.S.A. 39:4-50 and 2C:12-1A(1), respectively. *See generally* Ex. G (Municipal Court Search).

Petitioner does not dispute ICE's statutory detention authority under 8 U.S.C. § 1226(a). *See* ECF No. 1 ¶ 41. Instead, he alleges his arrest was unlawful. Because Petitioner has not availed himself of the process available to him, this Court should deny the Petition.

Section 1226(a) authorizes Petitioner's detention "pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Immigration officials have discretion to release a noncitizen during removal proceedings subject to bond or other conditions. 8 C.F.R. § 236.1(c)(8). Detainees can also request a custody redetermination (*i.e.*, a bond hearing) by an immigration judge. *See* 8 U.S.C. § 1226(a); 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1), 1003.19. They can request further bond hearings from an IJ upon a showing of changed circumstances. 8 C.F.R. § 1003.19(e). And they may seek review of the IJ's decision via appeal to the BIA. *See* 8 C.F.R. §§ 1003.19(f), 1003.1(b)(7), 1003.38.

Courts in this District regularly dismiss § 1226(a) immigration habeas petitions for lack of jurisdiction when the petitioner has failed to exhaust administrative remedies. *See Hernandez Juliao v. Francis*, No. 26-6255 (JXN), 2026 WL 1785227, at *2 (D.N.J. June 20, 2026) ("Failure to exhaust will not be excused when it is a choice."); *Montoya Delgado v. Blanche*, No. 26-5606 (SDW), 2026 WL 1591800, at *2 (D.N.J. June 3, 2026) (same); *Garcia Belilla v. Blanche*, No. 26-05363 (ESK), 2026 WL 1480396, at *2 (D.N.J. May 27, 2026) (same); *Valerio v. Soto*, No. CV 26-3337 (ZNQ), 2026 WL 1382775, at *2 (D.N.J. May 18, 2026) ("Petitioner must fully exhaust his claims by going through the bond hearing process before he may seek habeas relief."); *Kollie v. Bondi*, No. 26-1158 (MAS), 2026 WL 1290660, at *2 (D.N.J. May 12, 2026) (same).

To the extent Petitioner argues that he is entitled to immediate release from lawful detention due to an allegedly unlawful arrest, Courts in this District have repeatedly rejected that claim. *See Lopez Nunez v. Warden*, No. 26-11782 (SDW), 2026 WL 2884170, at *1 (D.N.J. Sept. 25, 2026) (""It is unclear whether it was issued prior to his arrest, but this Court concludes that is irrelevant[.]"); *Peters v. Soto*, No. 26-11616 (SDW), 2026 WL 2839338, at *1 (D.N.J. Sept. 22, 2026) ("This Court finds Petitioner is not entitled to release based on the alleged warrantless arrest."); *Cocha v. Tsoukaris*, No. 26-9857 (BRM), 2026 WL 2806733, at *2 (D.N.J. Sept. 18, 2026) ("The Court finds Petitioner is not entitled to release based on the alleged warrantless arrest, as he is currently detained under § 1226(a) pursuant to an arrest warrant.").

Respondents respectfully submit that Petitioner is lawfully detained pursuant to 8 U.S.C. § 1226(a). Should the Court determine that "an expedited scheduling order or other proceedings are necessary," ECF No. 2, we respectfully request leave for Respondents to file a supplemental submission within fourteen days.

We thank the Court for its attention to this matter.

Respectfully submitted,

ROBERT FRAZER
United States Attorney

By: *s/ Jessica M. Laserna*
JESSICA M. LASERNA
Assistant United States Attorney
*Attorneys for Respondents*

cc: Counsel of record (via *electronic filing*)

SO ORDERED

s/Claire C. Cecchi
CLAIRE C. CECCHI, U.S.D.J.

Date: 10/22/2026